Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC., <br><br> *Plaintiffs* <br><br> v. <br><br> 0577 STORE, 2021819 STORE, 321 STORE, ACEJOKER BACKGROUND STORE, ADORABLE KIDS BOUTIQUE CLOTHES STORE, ALIBABI STORE, ALL NIGHT REVELRY STORE, AMONG US KIDS STORE STORE, AMY CAKEDECOR STORE, BABY BOUTIQUE STORE, BABY JIEJIE KIDS CLOTHES STORE STORE, BABY LIFE 001 STORE, BABY'S TOY STORE, BALLOONS WONDERLAND STORE, BEAUTIFUL RAVE PARTY STORE, BEDDING-SET. STORE, BIRTHDAY CANDYS STORE, BIRTHDAY PARTY BALLOONS STORE, BL BALLOONS, BOXIAO STORE, BRILLIANT CHEERFUL LIFE STORE, BRILLIANT DECORATIVE FAVORS STORE, BRILLIANT FUN PARTY STORE, BRILLIANT PARTY STORE, BRILLIANT TRIP STORE, BUILD WORLD TOY STORE, BUILDING BLOCKS&KE STORE, CAREHER | 21-cv-10323 (NRB) <br><br> [PROPOSED] <br> **PRELIMINARY INJUNCTION ORDER** |

GIFTS STORE, CHANGJIANG STORE, CHILDREN'S FUNNY STORE, CHILDREN'S SUIT WORLD STORE, CHILDREN'S TSHIRT SUIT STORE, CHINA TOY BOUTIQUE STORE, CLOTHES007 STORE, COCOMELON STORE, COLA STORE, COOLPICKED STORE, COZY PARTY STORE, CXAYBABY STORE, DAFI R STORE, DAYFULOO STORE, DAYOFSUGAR STORE, DD MUREN STORE, ELITESUN STORE, ERIA STORE, FACTORY'S PARTY FRIENDS STORE, FAFA PARTY STORE, FESTIVE PARTY CRAFTS STORE, FOR SEAGIRL STORE, FUNFUN TOY STORE, FUNPARTY STORE, FUNPRT STORE, GFUITRR DESIGN BACKDROP STORE, GOLDCHILD STORE, GRACEY'S PARTY STORE, GREATTIME STORE, GSF LADRING STORE, GSF POP STORE, HAFTSS PARTY SUPPLIES STORE, HANNA HO STORE, HAPPINESS PRINT BACKDROPS STORE, HEI DONG STORE, HELLO BALLOONS, HI PARTY STORE, HUAZHIYOU, I LOVEPARTY STORE, INMEMORY PHOTOGRAPHY FACTORY STORE, INTRIGUING STORE, JIMITU FM STORE, JOYTIMES STORE, JUNE F TOY STORE, JUNGLET PARTY STORE, JY BABY STORE, KIDS COSTUME'S STORE, KIDS WONDERLAND STORE, KINGG STORE, KKHOME STORE, LAUGH PARTY STORE, LEKIDBABY STORE, LEYU TOY STORE, LINGXUN E-COMMERCE FIRM STORE, LINVIERLOVE STORE, LITTLE HORN CHILDREN'S STORE, LQVYI BALLOONS STORE, LQZZY BALLOONS STORE, LUCKLY-KIDS STORE, MEILONGOFFICIAL STORE, MEIYIDAKUAJING STORE, MI 3 STORE, MIRICAL KIDS TOY STORE, MR. XIA STORE, MTRONG TE PARTY SUPPLIER STORE, NANNAN BABY KIDS CLOTHES STORE, NEW LIFE PARTY STORE, NITREEINCHINA STORE, OK CHILDREN'S TOY STORE, OMILUT OFFICIAL STORE, PARTY A+ STORE, PARTY CELEBRATION STORE, PARTY PROPS STORE, PARTY&BIRTHDAY RAVE STORE, PARTYSALE STORE, PEREXCLUSIVEWORK STORE, PHOTURT PROFESSIONAL BACKDROP STORE, PIG OINK STORE, POP PATTERN BACKPACKS STORE, PPP STORE, PRINTED CLOTHES STORE, QIN HAI 3 SHOP STORE, QIYEE BACKDROPS STORE, ROBLOX STORE, SANNY STORE, SB PARTY SUPPLIES STORE, SENSFUN DROPSHIPPING BACKDROP STORE, SHINY KIDS CLOTHES STORE, SHOP3407008 STORE, SHOP4286061 STORE, SHOP5881904 STORE, SHOP5883889 STORE, SHOP5886464 STORE, SHOP825723 STORE,

SHOP911420284 STORE, SMOBABY TOY(DROP SHIPPING) STORE, SONIC CHILDREN'S CLOTHES STORE, SPECIALLY PARTY STORE, SPUERSTAR PARTY STORE, SSSUNNING STORE, STICKERBOMB STORE, SUPERY PARTY STORE, TEOCHEW TERRITORY STORE, THE GIRL CLOTHES STORE, THIRD STORE, THOUSANDS OF INCENSE STORE, TIANMENGFANG STORE, TOY FUNNY WORLD STORE, TOYSUPPLER, TT-WANJU DIAN STORE, TU RUNRUN STORE, UNIBAOBO STORE, URSA MINOR STORE, WALT STORE, WHOLESALEDROPSHIPPING STORE, WINONE-TOYS STORE, WONCOL PROFESSIONAL BACKGROUND STORE, WONDER BEANS BOUTIQUE STORE, YAAAS FACTORY STORE, YAAAS OFFICIAL STORE, YANG PENG FEATURED STORE, YAYB BALLOONS STORE, YAYB PARTY STORE, YIBENLUN BIRTHDAY PARTY STORE, YIHE PARTY STORE, YIWU PARTY STORE, YUANYUAN NO. 2 CHILDREN STORE, Z&YKIDS STORE, ZEALI FACTORY STORE, ZHIHAO COSTUME STORE and ZZH PARTY STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
| --- | --- |
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") |
| **Defendants** | 0577 Store, 2021819 Store, 321 Store, Acejoker background Store, Adorable Kids Boutique Clothes Store, alibabi Store, All Night Revelry Store, among US kids store Store, Amy CakeDecor Store, Baby Boutique Store, Baby JieJie kids clothes store Store, Baby Life 001 Store, Baby's Toy Store, Balloons Wonderland Store, Beautiful Rave Party Store, Bedding-set. Store, Birthday candys Store, Birthday Party Balloons Store, BL balloons, boxiao Store, Brilliant Cheerful Life Store, Brilliant Decorative Favors Store, Brilliant Fun Party Store, Brilliant Party Store, Brilliant Trip Store, Build World Toy Store, Building Blocks&KE Store, Careher Gifts Store, Changjiang Store, Children's Funny Store, Children's suit world Store, Children's TShirt Suit Store, China toy boutique Store, clothes007 Store, Cocomelon Store, Cola Store, Coolpicked Store, Cozy Party Store, cxaybaby Store, DAFI R Store, DAYFULOO Store, Dayofsugar Store, DD MuRen Store, Elitesun Store, Eria Store, Factory's Party Friends Store, FaFa Party Store, Festive party crafts Store, for seagirl Store, FunFun Toy Store, FunParty Store, FUNPRT Store, GFUITRR Design Backdrop Store, Goldchild Store, Gracey's Party Store, Greattime Store, GSF Ladring Store, GSF POP Store, HAFTSS Party Supplies Store, Hanna Ho Store, Happiness Print Backdrops Store, hei dong Store, Hello Balloons, Hi party Store, HUAZHIYOU, I LOVEPARTY Store, InMemory Photography Factory Store, Intriguing Store, JIMITU FM Store, JoyTimes Store, June F Toy Store, Junglet party Store, JY Baby Store, Kids Costume's store, Kids Wonderland Store, KINGG Store, KKhome Store, Laugh party Store, lekidbaby Store, Leyu toy Store, Lingxun E-commerce firm Store, LINVIERLOVE Store, Little Horn Children's Store, LQVYI Balloons Store, LQZZY Balloons Store, Luckly-kids Store, MeiLongOfficial Store, Meiyidakuajing Store, Mi 3 Store, Mirical Kids |

|  | Toy Store, Mr. Xia Store, Mtrong Te Party Supplier Store, Nannan baby kids clothes Store, New Life Party Store, NitreeInChina Store, OK Children's toy Store, omilut Official Store, Party A+ Store, Party Celebration Store, Party props Store, Party&Birthday Rave Store, PartySale Store, PerExclusiveWork Store, Photurt Professional Backdrop Store, Pig Oink Store, Pop pattern backpacks Store, PPP Store, Printed clothes Store, Qin hai 3 shop Store, QiYee Backdrops Store, Roblox Store, SANNY Store, SB Party Supplies Store, sensfun Dropshipping Backdrop Store, Shiny kids clothes Store, Shop3407008 Store, Shop4286061 Store, Shop5881904 Store, Shop5883889 Store, Shop5886464 Store, Shop825723 Store, Shop911420284 Store, Smobaby toy(drop shipping) Store, Sonic Children's clothes Store, Specially party Store, Spuerstar Party Store, SSSunning Store, Stickerbomb Store, Supery Party Store, Teochew Territory Store, The girl clothes Store, Third Store, Thousands of incense Store, Tianmengfang Store, Toy Funny World Store, toysuppler, TT-wanju dian Store, TU RUNRUN Store, UNIBAOBO Store, Ursa Minor Store, walt Store, WholesaleDropshipping Store, WinOne-Toys Store, Woncol professional background Store, Wonder Beans Boutique Store, YAAAS Factory Store, YAAAS Official Store, Yang Peng Featured Store, YAYB Balloons Store, YAYB Party Store, YiBenLun Birthday Party Store, Yihe party Store, YiWu party Store, Yuanyuan No. 2 Children Store, Z&YKIDS Store, Zeali Factory Store, ZhiHao Costume Store and ZZH Party Store |
|---|---|
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 224 Madison Ave, Suite 411, New York, NY 10016 |

| **Complaint** | Plaintiffs' Complaint |
|---|---|
| **Application** | Plaintiffs' e*x parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiffs' Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: 88/945,840 for " [CoComelon logo] " for goods in Class 3; 88/681,276 for " [CoComelon logo] " for goods in Class 25; 88/681,270 for " [CoComelon logo] " for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for " |

|  |  |
|---|---|
|  | " ![CoComelon logo] " for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,918,526 for " ![CoComelon grayscale logo] " for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and 6,563,758 for " ![CoComelon logo] " for goods in Class 25 |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017 and VAu 1-319-613 covering Animal Characters 2017 |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly |

| | |
|---|---|
| | or substantially similar to the CoComelon Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g. Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their |

| | respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

WHERAS, Plaintiffs having moved *ex parte* on December 3, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on December 6, 2021 ("TRO") which ordered Defendants to appear on December 20, 2021 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 14, 2021, Plaintiffs filed a letter requesting to modify and extend the TRO;

WHEREAS, on December 16, 2021, the Court entered an Order granting Plaintiffs' request, adjourning the Show Cause Hearing to January 3, 2022 at 3:00 p.m. and extending the TRO ("December 16, 2021 Order");

WHEREAS, on December 20, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, the December 16, 2021 Order and all papers filed in support of the Application on each and every Defendant, except Defendants China toy boutique Store, FunFun Toy Store, I LOVEPARTY Store and June F Toy Store;

WHEREAS, on January 3, 2021 at 3:00 p.m., Plaintiffs appeared at the Show Cause Hearing, however, none of the Defendants appeared.

**<u>ORDER</u>**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil

Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the CoComelon Marks and/or CoComelon Works;

   ii. directly or indirectly infringing in any manner Plaintiffs' CoComelon Marks and CoComelon Works;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoComelon Marks and CoComelon Works, to identify any goods or services not authorized by Plaintiffs;

   iv. using Plaintiffs' CoComelon Marks and/or CoComelon Works or any other marks or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive

       members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above, 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

   iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. Providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

   ii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

   b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to,

      account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

viii. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the CoComelon Marks or CoComelon Works.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks or artwork that are confusingly or substantially similar to,

   identical to and constitute an infringement of the CoComelon Marks and/or CoComelon Works.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by AliExpress pursuant to Paragraph V(C) of the TRO; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by AliExpress pursuant to Paragraph V(C) of the TRO.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed

effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

6. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __3rd__ day of __January__, 2022, at __4:00__ __p__.m.
New York, New York

                                            HON. NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE